UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELINOR BANKS, et al.,<br><br>        Plaintiff,<br><br>  v.<br><br>STOCKTON UNIFIED SCHOOL DISTRICT, et al.,<br><br>        Defendant. | No. 2:21-cv-00936-JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

    Elinor Banks, Keenan Mancho, Artia Taylor, and Kyndal Mancho (collectively "Plaintiffs") filed this lawsuit against the Stockton Unified School District ("SUSD"), Christopher Anderson ("Anderson"), Kathryn Corona-Jackson ("Corona-Jackson"), Dante Marsh ("Marsh"), Brian Biederman ("Biederman"), Booker Guyton ("Guyton"), Tony Tracy, Louie Tolentino, Brett Toliver ("Toliver"), Valente Aguilar ("Aguilar"), Sonny Larkins ("Larkins"), Melissa Dougherty ("Dougherty"), Stephanie Reeves, Fhanysha Gaddis, Jovan Jacobs, Matthew Atad, Kevin Shum ("Shum," erroneously sued as "Stockton Unified School District Police Officer Shum, Badge No. 15"), Stockton Unified School District Police Officer A. Andrews, and other fictious persons. See

1  Compl. ¶¶ 12-30, ECF No. 1. Plaintiffs allege various federal
2  and state constitutional violations. See Id. ¶¶ 1-2. Anderson,
3  Marsh, Biederman, Toliver, Aguilar, Larkins, Dougherty, and Shum
4  filed a motion to dismiss. See Mot. to Dismiss I ("MTD I"), ECF
5  No. 26. Thereafter SUSD, Corona-Jackson, and Guyton filed a
6  motion to dismiss. See Mot. to Dismiss II ("MTD II"), ECF
7  No. 35. The moving parties (collectively "Defendants") asked the
8  Court to dismiss Plaintiffs' complaint entirely and included
9  requests for judicial notice with their motions. See Request for
10 Judicial Notice I, ECF No. 26- 1; Request for Judicial Notice II,
11 ECF No. 35-3. Plaintiffs opposed the first motion—but not the
12 second—and a reply was filed. See Opp'n, ECF No. 31.; Reply, ECF
13 No. 33.
14    For the reasons set for below, the Court GRANTS Defendants'
15 motions to dismiss.[1]

                    I.  FACTUAL ALLEGATIONS

17    Artia Taylor ("Artia") attended Edison High School (EHS)
18 in the SUSD from August 2018 to June 2020. See ¶ 31. Artia's
19 brother, Keenan Mancho,("Keenan") and sister, Kyndal Mancho,
20 ("Kyndal") were respectively employed by EHS as an assistant
21 football coach and substitute teacher in May 2019. See Id.
22 Elinor Banks ("Elinor") is Artia's mother. See Id.
23    During the 2018/19 school year, Artia played for EHS's
24 football team. In May of 2019, Artia's family took in

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing for the first motion to dismiss was scheduled for January 24, 2023. The hearing for the second motion to dismiss was scheduled for February 28, 2023.

1  Christopher Marsh—a teammate of Artia's and son of EHS football
2  coach, Defendant Marsh—after his father kicked him out of their
3  home. See Id ¶ 32. Plaintiffs sheltered Christopher because he
4  told Artia and Keenan that Marsh physically abused him. See. Id.
5  Around this same time, Banks learned Artia was not receiving the
6  learning accommodations he was entitled to pursuant to his
7  Individual Education Plan ("IEP"). As a result, Elinor brought
8  this matter to the attention of EHS and SUSD officials. See Id.
9  ¶ 31.
10     After taking Christopher in and questioning the handling of
11 Artia's IEP, Plaintiffs allege various EHS and SUSD officials
12 retaliated against them for "exercising their First Amendment
13 right to report misconduct by the administrators and staff in
14 pursuing Artia['s] [] right, and [] for reporting child abuse by
15 Defendant Dante Marsh." Id. According to Plaintiffs, Defendants
16 engaged in retaliatory acts when: (1) Artia was falsely accused
17 of being under the influence of and distributing marijuana on
18 campus; (2) EHS administrators lodged false complaints against
19 Keenan and Elinor that resulted in their ban from the EHS campus
20 for fourteen days; (3) Artia was treated differently than his
21 teammates during the 2018/19 and 2019/20 football seasons;
22 (4) Artia was confined to a conference room for four days to
23 complete work for the Spring Semester; and (5) an EHS official
24 threatened to fire Kyndal because she allowed Artia to use her
25 classroom as a refuge to "get away from the drama." See Id.
26 ¶¶ 35, 39, 45, 32.
27     Plaintiffs then initiated this action in May of 2021 under
28 42 U.S.C. § 1983 and the California State Constitution against

1  various EHS and SUSD employees in their official capacities.
2  Specifically, Plaintiffs allege Defendants violated their right
3  to free speech under the First and Fourteenth Amendments and
4  right to liberty speech under the California State Constitution.
5  See Compl. ¶¶ 53, 58. Defendants Anderson, Marsh, Biederman,
6  Toliver, Aguilar, Larkins, Dougherty, and Shum filed a motion to
7  dismiss. See Motion to Dismiss I ("MTD I"). Plaintiffs opposed
8  and Defendants replied. See Opp'n, ECF No. 31; Reply, ECF
9  No. 33. Defendants SUSD, Corona-Jackson, and Guyton then filed a
10 separate Motion to Dismiss. See Motion to Dismiss II ("MTD II").
11 Plaintiffs, however, did not file an opposition.

                            II.  OPINION
   A.  Legal Standard

When weighing a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1965. Such statements are "legal conclusion[s] couched as factual allegation[s]" that must be dismissed. Papasan v.

4

Allain, 106 S. Ct. 2932, 2944 (1986).

   B.   Analysis

Plaintiffs' complaint names Defendants in their official capacities. See Compl. ¶¶ 12-30. Defendants therefore move to dismiss all claims against them pursuant to their sovereign immunity under the Eleventh Amendment. Plaintiffs do not dispute that the Eleventh Amendment bars their suit. Instead, they suggest "the description in the complaint stating 'official capacity' was a typographical error" and ask the Court for leave to file an amended complaint so they can sue Defendants individually. See Opp'n at 3.

The Eleventh Amendment proscribes damages suits against a State in federal court. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). This prohibition extends to state officials who are sued for damages in their official capacity since such an action "is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Notably, "California school officials sued in their official capacities are arms of the state and thus, entitled to Eleventh Amendment immunity." J.M. v. Parlier Unified Sch. Dist., No. 1:21-CV-0261 AWI BAM, 2021 WL 5234770, at *2 (E.D. Cal. 2021). Moreover, the Eleventh Amendment also prohibits litigants from pursing state claims against state officers in their official capacity in federal court. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984) (finding "that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment"

5

and "this principle applies [] to state-law claims brought into federal court under pendent jurisdiction").

Given Defendants—who are all school or school district officials—are named in their official capacity, the Court finds Plaintiffs' complaint fails to state a plausible claim for relief.  The Court, in turn, dismisses Plaintiffs' claims against these Defendants, in their official capacities, with prejudice. Furthermore, given the Ninth Circuit has determined that plaintiffs can only amend their complaint to name a defendant in their individual capacity by newly serving the defendant within the appropriate statute of limitations, the Court cannot grant Plaintiffs' request for leave to file an amended complaint.  See Eaglesmith v. Ward, 73 F.3d 857, 860 (9th Cir. 1995), as amended (1996) ("We have held that new service within the statute of limitations is necessary in order to satisfy the due process requirement of notice when there is to be a change in the status of defendants").  Here, the statute of limitations governing Plaintiffs' claims is two years and all of Plaintiffs' allegations concern actions that occurred more than three years ago.  See Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014) (finding actions brought under § 1983 apply the forum state's statute of limitations for personal injury actions); see also Cal. Civ. Proc. Code § 335.1 (stating statute of limitations for personal injury claims are two years).  Plaintiffs therefore cannot serve Defendants with new notice within the required statute of limitations, making their potential amendments to sue Defendants individually impossible as a matter of law.

///

Lastly, because the Court grants Defendants' motions for these specific reasons, it need not reach Defendants' other arguments and requests for judicial notice.

## III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motions to Dismiss and dismisses all claims against Defendants with prejudice.

IT IS SO ORDERED.

Dated: March 23, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

7